1  DOYLE LOWTHER LLP
   WILLIAM J. DOYLE II (188069)
2  bill@doylelowther.com
   JOHN A. LOWTHER (207000)
3  john@doylelowther.com
   9466 Black Mountain Road, Suite 210
4  San Diego, CA 92126
   Phone: (619) 822-1110
5  Fax: (619) 822-1112

6  LAW OFFICES OF NICHOLAS KOLUNCICH III, LLC
   NICHOLAS KOLUNCICH (212697)
7  nkoluncich@newmexicoclassactions.com
   6501 Americas Parkway NE
8  1 Park Square, Suite 620
   Albuquerque, NM 87110
9  Phone: (505) 881-2228
   Fax: (505) 881-4288

10

11 Attorneys for Plaintiff Inicom Networks, Inc.

**Filed**

SEP. 15 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-filing

ADR

12                  UNITED STATES DISTRICT COURT
13      NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

C08   04332 PVT

14  INICOM NETWORKS, INC., Individually and   :   Case No.
    on Behalf of All Others Similarly Situated, :
15                                             :   COMPLAINT FOR UNLAWFUL, UNFAIR
          Plaintiff,                           :   AND FRAUDULENT BUSINESS
16                                             :   PRACTICES; BREACH OF WARRANTIES;
    vs.                                        :   VIOLATION OF MAGNUSON-MOSS
17                                             :   WARRANTY ACT, 15 U.S.C. §§ 2301 *et*
    NVIDIA CORP., DELL INC., and HEWLETT-      :   *seq.*; UNJUST ENRICHMENT;
18  PACKARD CO.,                               :   DECLARATORY RELIEF; and
                                               :   DAMAGES
19        Defendants.                          :
                                               :
20                                             :   CLASS ACTION
                                               :
21                                             :   DEMAND FOR JURY TRIAL
    _____   :
22
23
24
25                        **BY FAX**
26                              1
    ─────────────────────────────────────────────────────────

Plaintiff Inicom Networks, Inc. ("Plaintiff") alleges the following upon information and belief, except as to allegations concerning Plaintiff or his counsel, which are made upon Plaintiff's personal knowledge and are so identified.

## INTRODUCTION

1.      This is a class action brought by Plaintiff individually and on behalf of all consumers who purchased, beginning four years prior to the commencement of this action and continuing through the present, Dell or Hewlett-Packard notebook computers containing a defective NVIDIA graphic controller chip (the "Class Notebook Computers"). The defective graphics chips cause consumers' notebook computers to display permanently corrupted images on consumers' computers, including distorted images, lines, garbled characters, artifacts, as well as complete monitor/display failure.

2.      There is no question the NVIDIA components in the Class Notebook Computers are defective. The Defendants in this case have admitted their products are defective, yet consumers are stuck with the defective computers:  no replacements, no refunds, and no compensation from any defendant. Plaintiff purchased a defective Class Notebook Computer from defendant Dell for personal use.

3.      Defendant NVIDIA manufacturers and sells graphics processing units ("GPUs") and multichip packages ("MCPs") for notebook computers. Manufacturers Dell and Hewlett-Packard use NVIDIA graphics chips in certain models of notebook computers. During the past four years, many of the notebook computers Dell and Hewlett-Packard sold to consumers contained defective NVIDIA GPUs and MCPs, which cause many Class Notebook Computers to experience the video and graphics problems described herein, as well as other problems, such as internet connection failures.

4.      NVIDIA, Dell, and Hewlett-Packard (the "Defendants") have received thousands of consumer reports and complaints about the graphics and video problems plaguing the Class Notebook Computers.

5.      Defendants themselves have concluded NVIDIA's GPUs and MCPs are subject to an unusually high failure rate.  In filings with the Securities and Exchange Commission ("SEC"), NVIDIA acknowledges its GPU and MCP products are defective.  Further, Dell and Hewlett-Packard admit certain of their notebook computers contain the defective hardware in issue and have gone so far as to publish a list of defective models of notebook computers.

6.      Although Defendants admit their products are defective, Defendants have failed to remedy the harm consumers have suffered by purchasing the defective Class Notebook Computers.

7.      What's more, Defendants are avoiding a necessary recall by recommending consumers download and install a BIOS "update," which spins the computer's fan more frequently or continuously.  *See* paragraphs 31-42, *infra*.  This grossly inadequate "remedy" actually results in additional manifest defects, including, without limitation, degraded battery life, system performance, and major noise in the defective computers.  Worse, the "remedy" fails to solve the actual problem.  Instead the stopgap measure helps ensure the Class Notebooks will fail *after* the warranty period expires, leaving consumers with a defective notebook and no remedy at all.  Finally, even after using defendants' "remedy," video performance is still degraded due to unacceptably high heat and part failures.

8.      Defendants injured Plaintiff and other customers similarly situated throughout the country by misrepresenting the quality of the notebooks they were manufacturing, and by knowingly, recklessly or negligently selling defective notebook computers to consumers.  Defendants have earned substantial profits by manufacturing and selling defective Class Notebooks.

3

1

**JURISDICTION AND VENUE**

2       9.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §

3   2310(d)(3), and pursuant to 28 U.S.C. § 1332(d)(2), because at least one Class member is a

4   citizen of a State different from any defendant, and the matter in controversy exceeds the sum or

5   value of $5,000,000.

6       10.     This Court has personal jurisdiction over defendants NVIDIA and Hewlett -

7   Packard because Defendants reside in this District.  This Court has personal jurisdiction over

8   defendant Dell because it operates and conducts substantial business in this District.

9       11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because one or

10  more Defendants reside in this District, and the acts upon which this action is based occurred in

11  substantial part in this District.

12

**THE PARTIES**

13      12.     Plaintiff Inicom Networks, Inc. is a citizen of New Mexico.  Inicom Networks

14  purchased a Dell Latitude D630 notebook computer from defendant and suffered injury in fact as

15  a result of Defendants' unlawful acts and practices.

16      13.     Defendant NVIDIA Corporation is a Delaware corporation with its principal place

17  of business in Santa Clara, California.  At all relevant times, NVIDIA operated and conducted

18  business in this District.

19      14.     Defendant Dell Inc. is a Delaware corporation with its principal place of business

20  in Round Rock, Texas.  At all relevant times, Dell operated and conducted business in this

21  District.

22      15.     Defendant Hewlett-Packard Co. ("HP") is a Delaware corporation with its

23  principal place of business in Palo Alto, California.  At all relevant times, HP operated and

24  conducted business in this District.

25

26                                                  4

16.     Each defendant acted as the agent, employee, representative, partner, joint venturer, or co-conspirator of each of the other Defendants in the commission of the acts alleged herein, and acted within the course and scope of its duty as such agent, employee, representative, partner, joint venturer, or co-conspirator.  The acts of each such defendant were authorized or ratified by each other defendant, and together constitute a single and continuing course of conduct.

## CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this action individually and as a class action under Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf of all persons and entities who purchased Class Notebooks (the "Class") at any time during the period beginning four years prior to the commencement of this action and continuing through the present (the "Class Period").  The Class excludes Defendants, their officers, employees, representatives, families, and the Court.

18.     Class members are so numerous that joinder of all members is impracticable. Thousands of individuals and entities bought Defendants' defective computer products, and their claims are similar to Plaintiff's claims.

19.     Plaintiff's claims are typical of Class members' claims, as Plaintiff and all Class members were similarly injured by Defendants' uniform sale of defective notebook computers and defective graphic chips, and the uniform misrepresentations about the quality of the manufactured notebooks.  Plaintiff and Class members have sustained injury and loss from Defendants' wrongful conduct.

20.     Plaintiff will fairly and adequately protect the Class's interests.  Plaintiff's claims are coextensive with, and not antagonistic to, other Class members' claims.  Plaintiff is willing and able to vigorously prosecute this action on the Class's behalf, and Plaintiff has retained competent and experienced counsel, all of whom satisfy Rule 23(g)'s requirements.

5

21.   Common questions of law and fact exist as to all Class members and predominate over questions that affect only individual Class members.  Among the law and fact questions common to the Class are whether:

(a)   NVIDIA supplied Dell and HP with defective GPUs and MCPs for use in their notebook computers;

(b)   NVIDIA's GPUs and MCPs failed at unacceptably high rates, were inherently defective, were not of merchantable quality, or would not pass without objection in the trade;

(c)   Dell and HP sold notebook computers that were inherently defective were not of merchantable quality, or would not pass without objection in the trade;

(d)   Defendants, by the misconduct set forth in this complaint, engaged in unfair, fraudulent or unlawful business practices with respect to the advertising, marketing and sale of these notebook computers;

(e)   Defendants negligently, recklessly or willfully violated the law;

(f)   Class members are entitled to damages, and if so, how much; and

(g)   the Class is entitled to injunctive relief.

22.   Plaintiff brings this action under Rule 23(b)(3) because the common questions of law and fact set forth above predominate over any issues that may be unique to individual Class members.  In addition, the expense of litigating each Class member's claims individually would be so cost prohibitive as to deny Class members a viable remedy.  Rule 23(b)(3) certification is appropriate because a class action is superior to the other available methods for the fair and efficient adjudication of this action, and Plaintiff envisions no undue difficulty in managing this litigation as a class action.  Defendants would or should retain records of the notebook computers that were manufactured with defective NVIDIA GPUs and MCPs.  Notice of this action's pendency and any resolution thereof can be accomplished by a combination of publication and direct notice to those Class members whose names and addresses are on file with Defendants.

23.   Plaintiff also brings this action under Rule 23(b)(2), because Defendants have acted or refused to act on grounds generally applicable to all Class members, thereby making

6

1  final injunctive relief concerning the Class as a whole appropriate. Absent appropriate injunctive

2  relief, Defendants will continue to operate their systematic scheme. Defendants' uniform

3  conduct towards Plaintiff and other Class members makes certification under Rule 23(b)(2)

4  appropriate.

**FACTUAL ALLEGATIONS**

5

6      24.    Defendant NVIDIA manufacturers and sells graphics processing units (the GPU)

7  and multichip packages (the MCP).   GPUs and MCPs are used in notebook computers

8  manufactured and sold by defendants Dell and HP. Many of the notebook computers Dell and

9  HP sold during the Class Period contained defective NVIDIA GPUs and MCPs.

10      25.    Despite receiving numerous reports their notebook computers were experiencing

11  video problems, until recently Defendants failed to disclose the unusually high failure rates of

12  NVIDIA's GPUs and MCPs. On July 2, 2008 NVIDIA finally acknowledged the existence of

13  defects in its GPU and MCP products. In a July 2, 2008 Form 8-K filed with the SEC, NVIDIA

14  admitted:

15      On July 2, 2008, NVIDIA Corporation stated that it would take a $150 million to
        $200 million charge against cost of revenue to cover anticipated customer
16      warranty, repair, return, replacement and other consequential costs and expenses
        arising from a weak die/packaging material set in certain versions of our previous
17      generation MCP and GPU products used in notebook systems.  All newly
        manufactured products and all products currently shipping in volume have a
18      different and more robust material set.

19      *The previous generation MCP and GPU products that are impacted were*
        *included in a number of notebook products that were shipped and sold in*
20      *significant quantities. Certain notebook configurations of these MCP and GPU*
        *products are failing in the field at higher than normal rates.* While we have not
21      been able to determine a root cause for these failures, testing suggests a weak
        material set of die/package combination, system thermal management designs,
22      and customer use patterns are contributing factors. We have developed and have
        made available for download a software driver to cause the system fan to begin
23      operation at the powering up of the system and reduce the thermal stress on these
        chips. We have also recommended to our customers that they consider changing
24      the thermal management of the MCP and GPU products in their notebook system
        designs. We intend to fully support our customers in their repair and replacement
25      of these impacted MCP and GPU products that fail.

26                                              7

We have begun discussions with our supply chain regarding reimbursement to us for some or all of the costs we have incurred and may incur in the future relating to the weak material set. We will also seek to access our insurance coverage. We continue to not see any abnormal failure rates in any systems using NVIDIA products other than certain notebook configurations. However, we are continuing to test and otherwise investigate other products. There can be no assurance that we will not discover defects in other MCP or GPU products.

26.     NVIDIA's announcement failed to specify which GPU and MCP products were defective. NVIDIA's failure to identify the defective models led some vendors to request graphics card manufacturers to recall desktop-based graphics cards using the same NVIDIA GPU chips.

27.     In July 2008 HP admitted certain of its notebook computers contained defective hardware and published a list of the defective notebook computers. Included were systems in HP's Pavilion and Compaq Presario computer lines, including HP Pavilion models dv2000/dv6000/dv9000 and Compaq Presario series V3000/V6000 notebooks:

| HP Pavilion notebook PC series | Compaq Presario notebook PC series |
|---|---|
| dv20xx | v30xx |
| dv21xx | v31xx |
| dv22xx | v32xx |
| dv23xx | v33xx |
| dv24xx | v34xx |
| dv60xx | v60xx |
| dv61xx | v61xx |
| dv62xx | v62xx |
| dv63xx | v63xx |
| dv64xx | v64xx |
| dv90xx | |
| dv92xx | |
| dv93xx | |
| dv94xx | |

28.     Defendant HP listed symptoms that may make consumers "eligible" for a free repair. HP's website says:

If your computer's product number is listed above, and the notebook PC experiences one or more of the symptoms listed below, contact HP during the

8

Duration of the HP Limited Warranty Service Enhancement to determine whether you are eligible for a free repair.

The following symptoms apply to Pavilion dv2000 and Presario v3000 notebooks:

- The notebook does not detect wireless networks and the wireless adapter is not detected in the Device Manager.

- There is no video on the computer LCD panel or external monitor.

The following symptoms apply to the dv6000, dv9000 and v6000 series notebooks:

- The notebook does not detect wireless networks and the wireless adapter is not detected in the Device Manager.

- There is no video on the computer LCD panel or external monitor.

- The notebook has no power and no active LEDs.

- The notebook does not start.

- The battery charge indicator light does not turn on when the battery is installed and the AC adapter is connected.

- The notebook issues a single beep during boot indicating no power.

- The external monitor functions but there is no image on the notebook LCD panel.

29.    Defendant HP further announced a "Limited Warranty Service Enhancement" program for owners of the defective notebooks.   On its website, HP sets forth consumer eligibility requirements for the limited warranty program:

If you own an HP Pavilion dv2000, HP Pavilion dv6000, HP Pavilion dv9000 or Compaq Presario V3000, Compaq Presario V6000 series computer, are experiencing no symptoms on your computer, and would like to obtain more information about updating your system to the new BIOS release, please go to the "Update the BIOS to the latest version" section on this page.   If you are experiencing one or more symptoms listed below, and your computer meets the product criteria listed below, contact HP to determine whether you are eligible for a free repair.

NOTE: This service enhancement program is available in North America for 24 months after the start of your original standard limited warranty for issues listed below; otherwise your current standard limited warranty applies. Customers who

already have a 24 month or longer warranty period will be covered under their existing standard HP Limited Warranty.

30.   HP admits the defective NVIDIA products have been a warranty issue since at least November 2007.

31.   HP's Limited Warranty Service Enhancement program fails to address the defects in its notebook computers.   The Limited Warranty Service Enhancement only applies to consumers whose notebooks are already malfunctioning – and malfunctioning in a limited, specific way.   For all others who own HP's defective Class Notebooks, HP merely offers consumers a "BIOS" update.[1]  The update fails to repair or replace the defective components and unlawfully shifts repair responsibilities to the Class.

32.   The BIOS update itself is fraught with complications, causes new or additional problems and merely is a temporary band-aid meant to forestall the manifestation of major problems. HP admits:

> The new BIOS release for your notebook PC is preventative in nature to reduce the likelihood of future system issues.   The BIOS updates the fan control algorithm of the system, and turns the fan on at low volume while your notebook PC is operational.

33.   HP's BIOS update causes the computer notebook's fan to run continuously. Although the BIOS update may lower the thermal stress on the defective NVIDIA components, by running the system fan constantly customers experience a decrease in battery life, increase in system noise, and decrease in computer notebook life – manifesting further defects in the already defective notebook computers.

34.   The purported BIOS "fix" is no fix at all.  The BIOS fix does nothing to repair or replace the defective graphics chips.  Instead the BIOS "fix" degrades the functionality of the

---

[1] "BIOS" stands for Basic Input Output System. The BIOS is computer instruction code, embedded in the computer's hardware, that assists in identifying and initializing the computer's component hardware.

COMPLAINT FOR FRAUDULENT BUSINESS PRACTICES, BREACH OF WARRANTY, AND JURY TRIAL DEMAND

1   defective notebooks and merely creates a different manifestation of problems in notebook

2   computers at issue past the warranty period.

3       35.    Notably, HP excludes from its Limited Warranty Service Enhancement program

4   defective notebook computers that have yet to exhibit one of the specified symptoms.

5   Consumers who bought these defective computers are ineligible for free repairs and cannot

6   exchange their defective notebooks for functional, as-advertised, defect-free computers.   As

7   stated on the company's website:

8       If my notebook is not experiencing any of the symptoms described in the support
        article but is part of the program because it is a listed notebook in the Product
9       Numbers Included document can I call HP to obtain a free repair?

10      **No.** Only notebooks that are experiencing one or more of the symptoms described
        in the support article are eligible for a free repair.

11

12      36.    Yet customers may experience this defect but not know the cause, or install the

    BIOS update and have the defect manifest itself in a different way.
13

14      37.    On or about July 25, 2008, Dell admitted its notebook computers containing

    NVIDIA GPUs and MCPs were experiencing defects and published a list of faulty notebooks.
15
    The hardware defects have affected Dell's Inspiron, Latitude, Precision, Vostro, and XPS
16
    product lines.  To date, Dell has admitted the following notebook models are defective:
17

18                              Dell Product Name

19                          Inspiron 1420
                            Latitude D630
                            Latitude D630c
20                          Precision M2300
                            Vostro Notebook 1310
21                          Vostro Notebook 1400
                            Vostro Notebook 1510
22                          Vostro Notebook 1710
                            XPS M1330
23                          XPS M1530

24

25

26                                      11

1    38.    In a July 25, 2008 blog post, published on its "Direct2Dell" website, Dell

2    reported:

Earlier this month, sites like Ars Technica and ZDNet blogged about NVIDIA's statement regarding a potential issue with some of NVIDIA's Graphics Processing Units (GPUs) used in notebooks. According to NVIDIA, these affected GPUs are experiencing higher than expected failure rates causing video problems. Though this issue is not unique to Dell, some of these affected GPUs are used in certain Dell laptops. That's why I wanted to take a few minutes here to explain the issue and to let customers know what to do next.

The issue is a weak die/packaging material set, which may fail with GPU temperature fluctuations. If your GPU fails, you may see intermittent symptoms during early stages of failure that include:

- Multiple images
- Random characters on the screen
- Lines on the screen
- No video

Dell recommends that you flash your system BIOS (see links in the table below). Each of these BIOS updates listed in the table below modifies the fan profile to help regulate GPU temperature fluctuations. Note: if you are already experiencing video-related issues like the bullet points above, updating the BIOS will not correct them. Dell will provide support for customers who have experienced GPU failure according to the terms of the system warranty.

These BIOS updates will help reduce the likelihood of GPU issues. New systems are being shipped with the updated BIOS revisions.

39.    Dell subsequently updated its blog posting on this issue in response to consumer concerns. The following updates were posted sometime after July 25, 2008:

Update: As Direct2Dell reader foduekid noted, the A09 BIOS update for the XPS M1530 was made available yesterday after I published this blog post. I've updated the table above with the link.

Update 2: I'm getting e-mails and comments that are similar to those of Direct2Dell readers like Customer, fr and barryd. Like I mentioned in one of my responses, this will not be the only blog post on this topic. When I have new details to share, I will share them here. Several of you have expressed concern over potential battery life issues. The reality is that these BIOS updates will not have any noticeable effect on battery life or overall system performance. These updates do not make the cooling fan run all the time. The fan may cycle on more frequently, but when it does, it will run at half or quarter speed.

Update 3:  Since Kara Krautter unveiled the Vostro 2510 on the Small Business blog yesterday, we've gotten some questions about it since it uses an NVIDIA GPU.  Take a look at some of the comments in the Vostro 2510 Engadget post to see what I'm talking about.  The Vostro 2510 will ship with the latest BIOS updates.

If you need help flashing your system BIOS or experience any of the video-related issues listed above, please contact Dell Technical Support.  Our teams are committed to working with affected customers to resolve issues on a case-by-case basis.

40.     Dell's temporary "solution" also is a BIOS update.  Similar to HP, Dell's BIOS update merely powers the notebook's fan far more frequently and at reduced speeds.

41.     Thus Dell's stopgap "fix" does not repair, replace, cure or remedy the defective graphics chips.  Rather than fix or replace the defective components, Dell's inferior "solution" is to run the computer fan more frequently – at the expense of decreased battery life, increased noise, and decreased computer notebook life.  And even with the fix, users still report degraded video performance and video artifacts.

42.     What's more, despite having admitted the Class Notebook Computers are defective, Dell has failed to extend any kind of warranty or replacement service on the Class Notebook Computers, or the defective parts they contain.

43.     Thus, Defendants sold consumers defective notebook computers, causing substantial harm and injury to Plaintiff and to Class members.  Defendants refuse to remedy the harm customers suffered by substituting functional notebook computers for the defective computers consumers purchased.  Defendants also refuse to replace the defective NVIDIA GPUs and MCPs in consumers' notebooks with properly engineered, manufactured, and functioning graphics chips.

44.     Defendants' *only* "solution" is to spin the computer fans more frequently or continuously.  This grossly inadequate "remedy" degrades battery life, system performance, creates major noise in the defective computers, and does not solve the actual problem.  Instead

13

1  this stopgap measure helps ensure the Class Notebook Computers will fail at some point during

2  their useful life, but potentially *after* the warranty period expires, leaving consumers with a

3  defective notebook computer and no remedy at all.  Finally, even after using the "remedy," video

4  performance is still degraded due to unacceptably high heat, part failures, and failure of the

5  BIOS update to fix corrupted computer displays.

6  **FIRST CAUSE OF ACTION**

7  **Unlawful, Unfair and Fraudulent Business Practices, California Business and
Professions Code §§ 17200 *et seq.***

8  **(Against All Defendants)**

9      45.    Plaintiff, on behalf of himself and all Class members, incorporates and realleges

10  paragraphs 1-44 as though fully set forth herein.

11      46.    Defendants' practices as alleged in this Complaint constitute unlawful, unfair, and

12  fraudulent business practices under the UCL, Bus. & Prof. Code §§ 17200 *et seq.*

13      47.    Defendants committed unlawful business practices by:

14          a.   as alleged herein, engaging in conduct that violates the Magnuson-Moss
             Warranty Act, 15 U.S.C. §§ 2301 *et seq.*; and

15
16          b.   as alleged herein, engaging in conduct that breached express and implied
             warranties.

17      48.    Defendants committed unfair business practices by:

18          a.   engaging in conduct where the utility of such conduct, if any, is
             outweighed by the gravity of the consequences to Plaintiff and to other

19             Class members;

20          b.   engaging in conduct that is immoral, unethical, oppressive, unscrupulous,
             or substantially injurious to Plaintiff and to other Class members; and

21
22          c.   engaging in conduct that undermines or violates the Magnuson-Moss
             Warranty Act, 15 U.S.C. §§ 2301 *et seq.* and the other laws detailed
             herein.

23
24      49.    Defendants committed fraudulent business practices by engaging in conduct that

25  was and is likely to deceive customers acting reasonably under the circumstances.  Defendants'

26  14

1  fraudulent practices includes, without limitation, failing to disclose or concealing from Plaintiff

2  and from Class members at the time of sale, repair and diagnosis that the Class Notebook

3  Computers were defective in materials and workmanship and that the Class Notebook Computers

4  were likely to fail during their useful life.

5       50.    Plaintiff and Class members have suffered injury in fact and have lost money and

6  property as a result of Defendants' unlawful, unfair, or fraudulent practices, in that, among other

7  things:

8          a.   Class members would not have bought or leased the Class Notebooks at
             the price that they did;

9

10          b.   the Class Notebooks have a lower market value than they otherwise would
             have if not for the defective NVIDIA GPUs;

11          c.   Class members have paid for repairs and replacement parts that they
             would not and should not have paid for; and

12

13          d.   Class members were denied their right to receive property free from
             defect.

14       51.    Plaintiff, on behalf of himself and Class members, seeks declaratory and

15  injunctive relief, restitution and disgorgement of all profits obtained from the unfair competition

16  alleged herein and other relief as appropriate.

17  **SECOND CAUSE OF ACTION**

18  **Breach of Express and Implied Warranties**
**(Against All Defendants)**

19

20       52.    Plaintiff, on behalf of himself and all Class members, incorporates and realleges

  paragraphs 1-51 as though fully set forth herein.

21       53.    Defendants expressly give warranties by specific words or actions to Plaintiff and

22  Class members, both through the issuance of its written warranty accompanying all its notebook

23  computers and/or its advertising campaigns, product packaging and literature and sales

24  professionals used to promote the sale and use of these Class Notebook Computers. Defendants

25

26  15

1    warranted to the general public, including Plaintiff and Class members, these Class Notebook

2    Computers were effective, free from material defects in materials and/or workmanship and fit for

3    their intended use.

4        54.    Defendants also impliedly warranted to members of the general public, including

5    Plaintiff and Class members, these notebook computers were of merchantable quality, would

6    pass without objection in the trade or business, were free from material defects and reasonably fit

7    for the use for which they were intended by Defendants, namely, for the purpose of mobile

8    computing and other related activities.

9        55.    Plaintiff and Class members based their decision on the skill and judgment of

10   Defendants.

11       56.    Defendants' warranties became part of the basis of the bargain between Plaintiff,

12   Class members and Defendants.

13       57.    Defendants breached their warranties by: (a) selling and leasing Class Notebooks

14   with NVIDIA GPUs and MCPs that were defective in materials and workmanship and are likely

15   to fail during the useful life of such products; and (b) refusing to recall, repair or replace, free of

16   charge, all Class Notebook Computers or any of their defective component parts.

17       58.    Plaintiff, on behalf of himself and the Class, provided Defendants with notice of

18   their breach of express and implied warranties. Defendants already were on notice of the defect

19   from complaints and service requests they received from Class members, from repairs and/or

20   replacements of the Class Notebook Computers, and through their own public admissions and

21   internal investigations.

22       59.    As a direct and proximate result of Defendants' breach of their warranties,

23   Plaintiff and Class members have suffered damages and continue to suffer damages, including

24   economic damages at the point of sale in terms of the difference between the value of the Class

25   Notebook Computers as promised and the value of the Class Notebook Computers as delivered.

26

COMPLAINT FOR FRAUDULENT BUSINESS PRACTICES, BREACH OF WARRANTY, AND JURY TRIAL DEMAND

1   Additionally, Plaintiff and Class members either have or will incur economic damages at the

2   point of repair in the form of the cost of repair.

3            60.     Plaintiff and Class members are entitled to legal and equitable relief against

4   Defendants, including damages, specific performance, rescission, attorneys' fees, costs of suit,

5   and other relief as appropriate.

6                                    **THIRD CAUSE OF ACTION**

7                **Breach of Written Warranty Under Magnuson-Moss**
                   **Warranty Act, 15 U.S.C. §§ 2301 *et seq.***
8                            **(Against All Defendants)**

9            61.     Plaintiff, on behalf of himself and all Class members, incorporates and realleges

10  paragraphs 1-60 as though fully set forth herein.

11           62.     Plaintiff and Class members are "consumers" within the meaning of the

12  Magnuson-Moss Act, 15 U.S.C. § 2301(3).

13           63.     Each Defendant is a "supplier" and "warrantor" within the meaning of the

14  Magnuson-Moss Act, 15 U.S.C. § 2301(4)-(5).

15           64.     The defective notebook computers at issue are "consumer products" within the

16  meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(1).

17           65.     Defendants' written affirmations of fact, promises and/or descriptions, as alleged

18  herein, are each a "written warranty" within the meaning of the Magnuson-Moss Act, 15 U.S.C.

19  § 2301(6).

20           66.     For the reasons detailed herein, Defendants refuse to recognize or honor their

21  written warranties.   Defendants breached their written warranties as the Class Notebook

22  Computers in question failed to perform as represented by Defendants, and thereafter when

23  Defendants refused to honor such warranties.   Defendants' conduct caused damages to Plaintiff

24  and to Class members.

25

26                                               17

67.     The amount in controversy of each Class member's individual claim meets or exceeds the sum or value of $25. In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit.

68.     Resorting to any informal dispute settlement procedure or affording Defendants a reasonable opportunity to cure its breach of written warranties is unnecessary or futile. Defendants knew, reasonably should have known, or were reckless in not knowing of the defective NVIDIA GPUs and MCPs and their inability to perform as warranted, but nevertheless failed to rectify the situation or failed to disclose it to Plaintiff and Class members. Further, Plaintiff has provided Defendants with a written request to cure such breaches. Any remedies available through informal dispute settlement procedures would be inadequate under the circumstances. Accordingly, any requirement under the Magnuson-Moss Act or otherwise that Plaintiff resort to informal dispute settlement procedures or afford Defendants a reasonable opportunity to cure its breach of written warranties is excused or has been satisfied.

69.     As a result of Defendants' breach of written warranties, Plaintiff and Class members have sustained damages and other losses in an amount to be determined at trial. Plaintiff and Class members are entitled to recover damages, specific performance, diminution in value, costs, attorneys' fees, rescission, and other relief as is deemed appropriate.

## FOURTH CAUSE OF ACTION

### Money Had and Received and Unjust Enrichment
### (Against All Defendants)

70.     Plaintiff, on behalf of himself and all Class members, incorporates and realleges paragraphs 1-69 as though fully set forth herein.

71.     For the reasons set forth above, Defendants have profited unjustly from their sale of defective Class Notebook Computers and their failure to repair them as the law requires, and it

18

1    would be unfair for Defendants to retain the profits they have unjustly earned at the expense of

2    Plaintiff and the Class.

3         72.    Due to Defendants' illegal conduct, Plaintiff and Class members conferred

4    economic benefits on Defendants. Defendants received and retained these benefits under such

5    circumstances that it would be inequitable and unconscionable to permit them to retain some or

6    all of these benefits without returning their reasonable value to Plaintiff and to Class members.

7         73.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and

8    Class members suffered injury and therefore seek an order directing Defendants to return to them

9    the amount each of them improperly were required to pay to Defendants, plus interest thereon.

**FIFTH CAUSE OF ACTION**

**Declaratory Relief**
**(Against All Defendants)**

12        74.    Plaintiff, on behalf of himself and all Class members, incorporates and realleges

13   paragraphs 1-73 as though fully set forth herein.

14        75.    An actual controversy over which this Court has jurisdiction now exists between

15   Class members and Defendants concerning their respective rights, duties and obligations for

16   which Plaintiff desires a declaration of rights under the applicable contracts and express and

17   implied warranties, as detailed herein.

18        76.    Plaintiff contends Defendants are obligated to repair or replace the common

19   alleged defect here at issue in all Class Notebook Computers. Plaintiff further contends

20   Defendants breached these obligations by causing Plaintiff and Class members to receive

21   notebook computers worth less than those that conform to the promises contained in such

22   agreements or by refusing to repair or replace the defective NVIDIA GPUs and MCPs in their

23   notebook computers.

19

77.     Plaintiff desires a judicial determination and declaration of the parties' respective rights duties and obligations, and specifically that Plaintiff and the Class are entitled to an order requiring repair or replacement of defective Class Notebook Computers.

78.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their respective rights and duties.  Plaintiff and many Class members own notebook computers equipped with NVIDIA GPUs and/or MCPs that are defective in materials or workmanship.  Plaintiff and Class members have suffered damages at the time of or since their purchases, or may have to pay costs for such repairs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, both individually and on behalf of all Class members, prays for judgment against defendants, and each of them, jointly and severally, as follows as appropriate for the particular cause of action:

A.      an order certifying the Plaintiff Class and appointing Plaintiff and his counsel to represent the Class;

B.      declaratory, equitable and injunctive relief;

C.      actual, direct, incidental, consequential, statutory and exemplary damages;

D.      pre- and post-judgment interest;

E.      attorney's fees and costs of suit pursuant to, *inter alia* California Code of Civil Procedure § 1021.5 and 15 U.S.C. §§ 2301 *et seq.*

F.      for such other and further relief this Court may deem just and proper.

COMPLAINT FOR FRAUDULENT BUSINESS PRACTICES, BREACH OF WARRANTY, AND JURY TRIAL DEMAND

1

**JURY TRIAL DEMAND**

2

Plaintiff demands a trial by jury on all claims so triable.

3

4

Dated:   September 15, 2008      DOYLE LOWTHER LLP

5

WILLIAM J. DOYLE II
JOHN A. LOWTHER

6

7



8

JOHN A. LOWTHER

9

10

9466 Black Mountain Road, Suite 210
San Diego, CA 92126
Phone: (619) 822-1110

11

Fax: (619) 822-1112

12

LAW OFFICES OF NICHOLAS KOLUNCICH III,
LLC

13

NICHOLAS KOLUNCICH

14

6501 Americas Parkway NE
1 Park Square, Suite 620

15

Albuquerque, NM 87110
Phone: (505) 881-2228

16

Fax: (505) 881-4288

17

Attorneys for Plaintiff Inicom Networks, Inc.

18

19

20

21

22

23

24

25

26

COMPLAINT FOR FRAUDULENT BUSINESS PRACTICES, BREACH OF WARRANTY, AND JURY TRIAL DEMAND